IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DONALD RAY FRAZIER, JR., PETITIONER

v. Case No. 4:25-cv-00777-DPM-BBM

DEXTER PAYNE, Director,
Arkansas Division of Correction RESPONDENT

**RECOMMENDED DISPOSITION**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. Either party may file written objections to this Recommendation. Any objection should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Clerk of Court within 14 days of this Recommendation. If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, parties also may waive the right to appeal questions of fact.

## I. INTRODUCTION

On August 1, 2025, Petitioner Donald Ray Frazier, Jr., filed, *pro se*, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1). As ordered by the Court, (Doc. 2), Frazier filed an Amended and Substituted Petition on August 21, 2025. (Doc. 3). On January 23, 2026, Respondent Dexter Payne moved to dismiss the Amended Petition as time-barred by the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1). (Docs. 6–7). Frazier responded on February 5, 2026. (Doc. 8). For the reasons that follow, the Court

recommends that certain claims in the Amended Petition be DISMISSED, *sua sponte*, for lack of jurisdiction; that, otherwise, Payne's Motion to Dismiss be GRANTED; and that this action be DISMISSED with prejudice.

## II. BACKGROUND

### A. The Underlying State-Court Convictions and Direct Appeals

Frazier appears to seek habeas relief with respect to multiple convictions he received in 1998 and 2000 in the Circuit Court of Jefferson County, Arkansas. In the first of these state-court matters, Frazier was sentenced in October 1998 to an aggregate 10-year term of imprisonment in the Arkansas Department of Correction (ADC) following his convictions for aggravated robbery, residential burglary, and theft of property. (Doc. 3 at 1); *see id.* at 5–7 (Judgment and Commitment Order of Oct. 12, 1998, No. CR-97-992-1, Circuit Court of Jefferson County, Ark.); *id.* at 5, 20–21 (indicating jury trial on these charges on or around Oct. 1, 1998). After the Arkansas Supreme Court let Frazier take a belated appeal, *see Frazier v. State*, 3 S.W.3d 334 (Ark. 1999) (per curiam); *Frazier v. State*, No. CR-99-340, 1999 WL 459557 (Ark. July 1, 1999) (per curiam), the Arkansas Court of Appeals affirmed his 1998 convictions in October 2000. *Frazier v. State*, No. CACR99-340, 2000 WL 1506207 (Ark. App. Oct. 11, 2000); (Doc. 3 at 1–2, 14–18). For these 1998 convictions, Frazier had fully served his 10-year sentence by October 2008 at the latest and, in any event, well before he filed this federal habeas case in August 2025.

In the second state-court matter challenged by Frazier, he was sentenced in April 2000 to an aggregate 30-year term of imprisonment following his convictions for robbery, false imprisonment, theft of property, and unauthorized use of a vehicle. (Doc. 3 at 1); *see*

*id.* at 8–11 (Judgment and Commitment Order of Apr. 11, 2000, Nos. CR-97-851-1 & CR-97-906-1, Circuit Court of Jefferson County, Ark.); *id.* at 8, 20–21 (indicating jury trial on these charges on or around Feb. 22-23, 2000). The Circuit Court ordered this sentence to run concurrent with the 10-year sentence it imposed in the earlier case mentioned above, No. CR-97-992-1. *Id.* at 1, 11. The Arkansas Court of Appeals affirmed Frazier's 2000 convictions in June 2001. *Frazier v. State*, No. CACR00-1341, 2001 WL 719053 (Ark. App. June 27, 2001); (Doc. 3 at 1).

Frazier says that he "is presently on parole supervision with projected termination in 2029." (Doc. 3 at 1). Payne says that his "records indicate Frazier is currently on parole" but with a termination date of August 27, 2026. (Doc. 7 at 2).

**B. Post-Conviction Proceedings in State Court**

Frazier claims that he twice sought post-conviction relief in the Circuit Court of Jefferson County, Arkansas. (Doc. 3 at 2–3, 19–24; Doc. 1 at 29). As with the direct appeals mentioned above, the timing and nature of any post-conviction proceedings in state court could bear on the timeliness of Frazier's action here. *See* 28 U.S.C. § 2244(d)(2). The Court, therefore, provides additional background about those proceedings.

First, Frazier says that he filed a petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37, which was "[d]enied as untimely" and with "no evidentiary hearing." (Doc. 3 at 2). Frazier implies that he sought Rule 37 relief with respect to his 1998 convictions. *See id.* at 2 (stating that Rule 37 petition was "[f]iled after the 1998 convictions"); (*see also* Doc. 7 at 2, where Payne refers to the Rule 37 petition that Frazier "alleges he filed in case 992," *i.e.*, No. CR-97-992-1, which produced the 1998

convictions). But otherwise, Frazier does not specify when he filed a Rule 37 petition or when the Circuit Court denied it. Nor does Frazier claim to have appealed any adverse Rule 37 order. Indeed, as Payne observes, it does not "appear" that Frazier "sought appellate review" of any such order, (Doc. 7 at 2), and this Court's research has yielded no evidence of such an appeal. Neither party filed documents from any Rule 37 proceeding with his submissions in this case. Nor could the Court locate Frazier's purported Rule 37 petition on the ARCourts website, https://caseinfo.arcourts.gov/opad (last visited July 31, 2026), as it appears to have incomplete records of the pertinent Jefferson County prosecutions (*i.e.*, Nos. CR-97-992-1, CR-97-851-1, CR-97-906-1).

Second, Frazier says that, on August 4, 2023, he filed a petition for writ of habeas corpus under Arkansas Code Annotated § 16-112-103, and that it was "[d]enied without review of the merits." (Doc. 3 at 2) (boldface omitted); *see id.* at 19–24 (copy of petition filed on Aug. 4, 2023, in *Frazier v. State of Arkansas*, No. 35CV-23-586, Circuit Court of Jefferson County, Ark.). In that state-court habeas matter, the Circuit Court filed a dismissal order on October 4, 2023, and Frazier included that order with his original Petition in this case. (Doc. 1 at 29).

### C. Frazier's Federal Petition and Payne's Motion to Dismiss

In August 2025—more than 24 years after the last of his challenged convictions were affirmed on appeal—Frazier filed his Petitions in this case. (Docs. 1, 3). Frazier seeks vacatur of his state-court convictions and termination of parole supervision (or, alternatively, a new trial) as redress for alleged errors made by the Circuit Court and Frazier's attorneys in their handling of the issue of Frazier's competency. (Doc. 3 at 2–3).

These arguments originate with a pretrial Motion for Mental Examination that Frazier filed in the Circuit Court on May 1, 1998, in Case No. CR-97-906-1. In that Motion, Frazier alleged that he had a "history of behavioral problems at school" and "received SSI benefits as a result of mental disability," and he requested that

> he be committed to a facility for a period of . . . 30 . . . days for the purpose of determining whether or not the Defendant, as a result of mental disease or defect, lacked capacity at the time of the alleged occurrences to conform his conduct to the requirements of law or to appreciate the criminality of his conduct or whether the Defendant lacks capacity to understand the proceedings against him, or to assist effectively in his own defense.

(Doc. 3 at 28–29).[1] In an order filed on July 22, 1998, the Circuit Court granted the Motion and directed that Frazier "be committed to" the Arkansas State Hospital for a 30-day period "with reports delivered to the Court and all parties." *Id.* at 32–33.[2] But according to Frazier, he did not receive the "ordered competency evaluation"; the Circuit Court failed "to conduct a required competency hearing"; and, as a result, Frazier "was tried while incompetent," *id.* at 2.[3]

---

[1] As mentioned, Case No. CR-97-906-1 was tried together with Case No. CR-97-851-1 in February 2000, resulting in convictions for which Frazier received a 30-year sentence. And the third case at issue, No. CR-97-992-1, was tried separately in October 1998 and resulted in convictions for which Fraizer received a 10-year sentence. From certain state-court documents attached to the Amended Petition, however, it appears that the Circuit Court handled the pretrial stages of all three cases together. A few pretrial orders and motions, for instance, list all three state-court docket numbers in the caption. (Doc. 3 at 25–26, 31). Thus, although the Motion for Mental Examination bears only the one docket number, No. CR-97-906-1, it's possible that Frazier raised the mental-competency issue in all three of the underlying state-court cases. For ease of analysis, and because this is not outcome-determinative for purposes of this Recommendation, the Court will proceed on the assumption that Frazier requested mental examinations in all three cases.

[2] It appears that Frazier was age 16 at the time of the charged conduct and was age 17 and age 19, respectively, at the time of his October 1998 and February 2000 jury trials. (Doc. 3 at 18, 20–21, 25–27, 34).

[3] *See also* (Doc. 3 at 2) ("As a juvenile defendant, Petitioner's competency was in question and a mental evaluation was ordered. Proceedings were never suspended and no competency hearing was held;

Based on these allegations, Frazier avers that his convictions (apparently *all* of them) violated the Due Process Clause of the Fourteenth Amendment (Ground One) and the Cruel and Unusual Punishment Clause of the Eighth Amendment (Ground Four). *Id.* at 2–3. Frazier also ascribes "Ineffective Assistance" (presumably under the Sixth Amendment) to his trial counsel (who allegedly "failed to secure a competency determination or preserve the issue, then moved to withdraw after Petitioner filed [a] Rule 37 [petition] alleging ineffectiveness") and to his appellate counsel (who allegedly "failed to raise competency and due process errors on direct appeal"). *Id.* at 2 (Ground Two). Additionally, Frazier asserts a Sixth Amendment speedy-trial claim—averring that his prosecutions "were severed and delayed" and that "trials proceeded beyond the period allowed without valid exclusions," *id.* at 3 (Ground Three)—and a "Cumulative Error" claim on the theory that all of these "combined errors . . . rendered the proceedings fundamentally unfair" and that the Arkansas courts "refused to adjudicate the federal claims on the merits." *Id.* at 3 (Ground Five).

Payne, in turn, urges dismissal on the ground that the Amended Petition is time-barred by AEDPA's one-year limitations provision. (Docs. 6–7). Perhaps anticipating that argument, Frazier declared in his Amended Petition that he "timely" filed this case

> because the limitations period was tolled during properly filed Rule 37 and state habeas proceedings. Equitable tolling further applies due to Petitioner's youth and competency issues, counsel's failures (including withdrawal after Rule 37), and the state courts' refusal to adjudicate the competency claim on the merits.

---

trial proceeded to verdict. Petitioner lacked the present ability to consult with counsel and understand the proceedings.").

(Doc. 3 at 3). But Payne emphasizes that over "two decades" have passed "since the entry of judgment" in Frazier's state-court cases, (Doc. 6 at 2), and he maintains that equitable tolling "does not save" the "time-barred" Amended Petition. *Id*. at 2; (Doc. 7 at 3).

In his Response to Payne's Motion to Dismiss, Frazier recounts the allegations from his Amended Petition concerning his asserted "mental disability" and the Circuit Court's handling of the "competency" issue, and he avers that these "facts, which must be accepted as true" for present "purposes," establish "a non-waivable, structural due-process violation," based on "unresolved competency," that "is not subject to ordinary procedural bars such as waiver, default, or rigid time limits." (Doc. 8 at 1–3). "At a minimum," Frazier continues, he "has alleged facts that, if true, would entitle him to relief. That is sufficient to defeat a motion to dismiss." *Id.* at 3. Returning to the equitable-tolling issue, Frazier states that he

> has alleged—and supported with affidavits[4]—that he has had a mental disability since childhood, received SSI, and did not understand the legal proceedings or his rights.
>
> These allegations are not offered as excuses. They are directly relevant to the competency violation itself and further demonstrate why dismissal at the pleading stage would be unjust.
>
> A person whose competency was never adjudicated cannot be expected to later navigate complex post-conviction deadlines without error.

*Id*. at 3.

[4] The only affidavits in the record are the two that were apparently filed with the state-court habeas petition mentioned above—one signed by Frazier; a second one signed by his mother, Barbara Frazier; and both dated July 31, 2023. (Doc. 3 at 34–35).

## III. DISCUSSION

### A. Any challenge to Frazier's 1998 convictions should be dismissed, *sua sponte*, for lack of jurisdiction.

In its Order directing Frazier to amend, this Court raised *sua sponte* the jurisdictional question of whether Frazier was in custody under all of the Arkansas convictions he was challenging. *Frazier v. Payne*, No. 4:25-cv-00777-DPM-BBM, 2025 WL 4956097, *1 (E.D. Ark. Aug. 12, 2025). As the Court observed, Frazier appeared to be challenging, in part, his 1998 Jefferson County convictions. But at that point in August 2025, it was "difficult" for the Court "to see how Frazier could possibly be in custody under the 1998 convictions considering that, for those, he received a 10-year sentence that he must have finished serving by October 2008 at the latest." *Id.* at *2. Accordingly, the Court directed Frazier to "clarify" in an Amended Petition "which conviction or convictions he targets in this habeas action and explain how he is in custody as a result of any of them." *Id.* This is "a 'threshold' requirement." *Id.* at *1 (citation omitted). "If the petitioner does not satisfy the custody requirement, the district court lacks subject-matter jurisdiction." *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991).

In the Amended Petition, Frazier still appears to challenge, in part, his 1998 convictions. (Doc. 3 at 1–3, 5–7). But Frazier doesn't explain how he is still in custody under those convictions. Although Payne does not address this issue in his Motion to Dismiss, the Court must raise it, again, because it "has 'a special obligation to 'satisfy itself . . . of its own jurisdiction,''" *Frazier*, 2025 WL 4956097, at *1 (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Frazier simply cannot be "'in

custody' under a conviction after the sentence imposed for it has fully expired," *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (per curiam), and there is no dispute that he fully served the 10-year sentence on the 1998 convictions before seeking habeas relief in this Court. Thus, under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (§ 2254 Rules), the Amended Petition should be dismissed for lack of jurisdiction insofar as it challenges the 1998 convictions. *See Spencer v. Kemna*, 523 U.S. 1, 21 (1998) (Ginsburg, J., concurring) (individuals "whose sentences have been fully served" are "without recourse to the habeas statute because they are not 'in custody'"); *Charlton v. Morris*, 53 F.3d 929, 929 (8th Cir. 1995) (per curiam) (district court lacked jurisdiction to entertain § 2254 petition attacking 1982 state-court conviction as petitioner "had served his state sentence and was discharged from supervised release in 1985" and, thus, "was no longer 'in custody' for his state conviction"); *Weaver*, 925 F.2d at 1099 (as a § 2254 petitioner "must be in custody under the conviction or sentence attacked at the time of filing," he cannot "satisfy the custody requirement" if his "sentence has fully expired at the time his petition is filed").

**B. Payne's Motion to Dismiss—Preliminary Procedural Matters**

**1. Motions to Dismiss in Habeas Cases**

Payne does not identify a basis for his Motion to Dismiss in either the § 2254 Rules or the Federal Rules of Civil Procedure, which "may be applied" in this habeas case "to the extent that they are not inconsistent with" the § 2254 Rules or "any statutory

provisions," 2254 RULE 12.[5] But in keeping with its decision in another habeas case, this Court will assume that Payne brought his Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6); it finds that "a Rule 12(b)(6) motion to dismiss, raising AEDPA's time-bar, is an appropriate response to the Petition"; and it will "adjudicate" the Motion "under 'the familiar standards in Rule 12(b)(6),'" *Hardimon v. Payne*, No. 4:24-cv-01011-BBM, 2026 WL 1857731, *3–5 (E.D. Ark. Mar. 31, 2026) (footnote and citations omitted).

**2. Rule 12(b)(6) Standard**

"A motion to dismiss under Rule 12(b)(6) is the usual and proper method of testing the legal sufficiency of the complaint." *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981) (per curiam). For a complaint to "show[] that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and thereby "survive a motion to dismiss," it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief," *id.* at 679, "affording the plaintiff all reasonable inferences that can be drawn from those allegations." *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[5] *See also* FED. R. CIV. P. 81(a)(4)(A)-(B) ("These rules apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings . . . is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases . . . and . . . has previously conformed to the practice in civil actions.").

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S at 678; *see id*. at 679 ("pleadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.[6]

Because Frazier is proceeding *pro se*, his Amended Petition "is 'to be liberally construed'" and, "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). Even *pro se* litigants, however, "must allege sufficient facts to support the claims advanced," and a court is not required "to assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004); *see Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (per curiam) (a *pro se* complaint "may not be merely conclusory" but "must allege facts, which if true, state a claim as a matter of law").

### 3. Limitations and Tolling Arguments Under Rule 12(b)(6)

In this case, Payne seeks dismissal on the basis of a statute of limitations, whose "[b]ar . . . is typically an affirmative defense, which the defendant must plead and prove." *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008). Because a "defendant does not render a complaint defective by pleading an affirmative defense, . . . the possible existence

[6] *See Iqbal*, 556 U.S. at 678–79 (stating that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'"; a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'"; and Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions") (quoting *Twombly*, 550 U.S. at 555, 557).

of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal," *id.* The exception, of course, is when "the complaint itself establishes the defense." *Id.* If "it 'appears from the face of the complaint itself that the limitation period has run,' a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss." *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (quoting *Wycoff v. Menke,* 773 F.2d 983, 984–85 (8th Cir. 1985)); *see Jones v. Bock*, 549 U.S. 199, 215 (2007) (if a complaint's "allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"). The same is true in habeas cases: a Rule 12(b)(6) motion can serve as "the appropriate vehicle" for challenging a § 2254 petition "based on the one-year statute of limitations . . . where the pleadings establish that the petition was not timely filed." *Castro v. Cavanaugh*, No. 5:09-HC-2041, 2010 WL 3394831, *2 (E.D.N.C. Aug. 26, 2010).

Insofar as Frazier argues for tolling, (Doc. 3 at 3; Doc. 8 at 3), he is "claiming the benefit of an exception to the operation of a statute of limitations," and he therefore "bears the burden of showing that he is entitled to it." *Wollman v. Gross*, 637 F.2d 544, 549 (8th Cir. 1980).[7] *See Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (stating, on review of motion to dismiss § 2254 petition, that "[t]he burden of demonstrating grounds warranting equitable tolling rests with the petitioner") (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Below, the Court will limit its Rule 12(b)(6) analysis to "the face of 'the petition

[7] *Accord Ryan v. United States*, 534 F.3d 828, 831 (8th Cir. 2008) (per curiam); *Motley v. United States*, 295 F.3d 820, 824 (8th Cir. 2002); *Jackson v. United States*, 488 F. Supp. 3d 818, 824 (E.D. Ark. 2020).

and any attached exhibits.'" *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009) (quoting § 2254 RULE 4).

**C. Any challenge to Frazier's 2000 convictions is time-barred.**

The Court accepts the parties' representations that Frazier is presently on parole in connection with his 2000 convictions. (Doc. 3 at 1; Doc. 7 at 2). "Parole status does not deprive a federal court of jurisdiction over a habeas petition, however, because a parolee is still 'in custody.'" *Jones v. Jerrison*, 20 F.3d 849, 852 n.2 (8th Cir. 1994).[8] Thus, as the 2000 convictions resulted in a 30-year sentence, the Court finds that Frazier is still "in custody" on *those* convictions for § 2254 purposes.

But insofar as Frazier challenges his 2000 convictions, the Amended Petition should be dismissed as time-barred. Frazier filed his original Petition, as mentioned, on August 1, 2025, (Doc. 1), and it was subject to a "1-year period of limitation," 28 U.S.C. § 2244(d)(1), which began to "run[] from the latest of four specified dates." *Jimenez v. Quarterman*, 555 U.S. 113, 114 (2009). The only "date relevant here," *Johnson v. Payne*, No. 5:19-cv-00278-BSM-JTK, 2020 WL 3272266, *2 (E.D. Ark. Apr. 3, 2020) (M.J. Rec.), *adopted*, 2020 WL 3268533 (E.D. Ark. June 17, 2020), is "the date on which" the 2000 state-court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A); *see generally Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999) ("By the terms of § 2244(d)(1), the one-year limitation period for filing

---

[8] *Accord Maleng*, 490 U.S. at 491; *Jones v. Cunningham*, 371 U.S. 236, 241–43 (1963); *Cole v. Norris*, No. 2:08-cv-00056-WRW, 2008 WL 4949283, *1 n.1 (E.D. Ark. Nov. 17, 2008).

§ 2254 petitions begins to run on one of several possible dates, including the date on which the state court judgment against the petitioner became final.”).

Here, the “finality” calculation starts with June 27, 2001, as that is when the Arkansas Court of Appeals affirmed Frazier’s 2000 convictions on direct appeal. *Frazier v. State*, No. CACR00-1341, 2001 WL 719053 (Ark. App. June 27, 2001). There is nothing to indicate that Frazier sought further review of that decision, whether in the Arkansas Court of Appeals, the Arkansas Supreme Court, or the United States Supreme Court. But it “is settled that ‘the conclusion of direct review’ includes the ninety days a state court defendant has to petition the Supreme Court of the United States for a writ of certiorari.” *Jihad v. Hvass*, 267 F.3d 803, 804–05 (8th Cir. 2001). Thus, for present purposes, the Court will find that the 2000 state-court judgment became “final” under § 2244(d)(1)(A) on September 25, 2001. That adjustment factors in 90 additional days (beyond June 27, 2001, when the Arkansas Court of Appeals ruled) in which Frazier could have sought certiorari review. *See* U.S. SUP. CT. R. 13(1) & 13(3). Frazier, then, had until September 25, 2002, to file a § 2254 petition in this Court, but he waited to do so until August 1, 2025, (Doc. 1), missing the one-year deadline by nearly 23 years. Consequently, the Amended Petition must be dismissed as time-barred absent some basis for tolling. As explained below, there is no basis for tolling in this case.

First, in arguing for tolling based on the pendency of a purported Rule 37 petition and a state-court habeas petition, (Doc. 3 at 3), Frazier essentially seeks statutory tolling under the following AEPDA provision: “The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Neither state-court filing, however, helps Frazier avoid the time-bar of § 2244(d)(1). The allegations regarding the Rule 37 petition are so sparse that they do not even provide such "pertinent facts" as the "dates" of any such petition's "filing and denial," *Conriquez v. Uribe*, No. 1:09-cv-01003, 2012 WL 28612, *5 (E.D. Cal. Jan. 4, 2012). And in any event, Frazier does not claim to have filed a Rule 37 petition regarding his 2000 convictions. Rather, the record indicates that, at most, Frazier only filed a Rule 37 petition to challenge his *1998* convictions. (Doc. 3 at 2; Doc. 7 at 2).

Frazier fares no better with the state-court habeas petition that was filed on August 4, 2023, and dismissed on October 4, 2023. (Doc. 3 at 2, 19–24; Doc. 1 at 29). That proceeding can yield no tolling benefit to Frazier because it was filed more than 20 years after the one-year limitations period had already expired on September 25, 2002. *See*, *e.g.*, *Winnett v. Hobbs*, No. 5:13-CV-126-DPM-BD, 2013 WL 5531298, *2 (E.D. Ark. Oct. 2, 2013) (no "statutory tolling" based on state-court "applications" filed after "the one-year limitations period to file a federal petition had already lapsed").[9]

Lastly, although Frazier also argues for equitable tolling, (Doc. 3 at 3; Doc. 8 at 3), the Court finds that he has "hasn't cleared" that doctrine's "high bar." *Walters v. Payne*, No. 5:19-cv-357-DPM, 2020 WL 2754747, *1 (E.D. Ark. May 27, 2020). Equitable tolling

[9] *See also Jackson v. Ault*, 452 F.3d 734, 735–36 (8th Cir. 2006) (AEDPA's one-year "limit for federal habeas filing cannot be tolled after it has expired"); *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003) ("Because the deadline for filing Curtiss's federal petition passed on April 13, 2000, his later filing for post-conviction relief in state court cannot act to toll the federal statute of limitations.").

"affords the otherwise time-barred petitioner an exceedingly narrow window of relief," *Jihad*, 267 F.3d at 805, and it's available only if the petitioner shows that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (citations and internal quotation marks omitted). Frazier, however, has not satisfied these criteria, as the Amended Petition "does not allege any circumstances that might justify equitable tolling of the limitations period," *Reese v. Correct Care Sols., LLC*, No. 2:19-cv-00007-KGB, 2019 WL 4463288, *2 (E.D. Ark. Sept. 17, 2019).[10]

For instance, although Frazier emphasizes his *pro se* status and lack of understanding of "legal proceedings or his rights," (Doc. 3 at 3; Doc. 8 at 3), "lack of access to legal resources does not typically merit equitable tolling. 'Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.'" *Earl*, 556 F.3d at 724 (quoting *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000)). Nor does Frazier move the needle with his allegations about his "youth and competency issues," (Doc. 3 at 3), and his alleged "mental disability since childhood," (Doc. 8 at 3). Even if the Court assumes that, in the late 1990s, Frazier's mental condition was such that he ought not have been charged or convicted in the underlying state-court cases, Frazier has not plausibly described any sort of "mental impairment" that was "so severe" that, for the entirety of the 20-plus years he seeks to toll, "it precluded him

[10] *See also Crossley v. Arkansas Flag & Banner*, No. 4:18-cv-00461-JM-JTR, 2018 WL 5304126, *2 (E.D. Ark. Oct. 5, 2018) (M.J. Rec.) (complaint did not "allege any circumstances that might justify equitable tolling of the limitations period, and it is clear from the record that there are no such circumstances in this case"), *adopted*, 2018 WL 5303316 (E.D. Ark. Oct. 25, 2018).

from filing court documents or seeking the assistance of others to do so." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017). Indeed, such a notion is belied by the very record that Frazier, himself, has produced in this case.

Even assuming that Frazier struggled with mental-health issues from the late 1990s through the 2020s, they were no obstacle to his filing the state-court habeas case on August 4, 2023. As of that date, Frazier clearly had the mental capacity to file a lawsuit to protect his rights (indeed, a lawsuit nearly identical to this one).[11] Thus, any mental impairment that (hypothetically) might have warranted equitable tolling for *some* time period must have abated no later than August 4, 2023, thereby starting the one-year AEDPA clock. Yet even from that point, Frazier still took nearly *two* years (until August 1, 2025) to file his Petition in this case. And even if (hypothetically) the clock didn't start until October 4, 2023, with the dismissal of the state-court habeas case, Frazier still was well out of time when he sought habeas relief in this Court. For all of these reasons, the Court finds that Frazier cannot avoid the limitations bar based on the equitable-tolling doctrine.

## IV. CERTIFICATE OF APPEALABILITY

In habeas cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," § 2254 RULE 11(a), and a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). But where a district court denies or dismisses

[11] *See Haywood v. Hobbs*, No. 5:12-cv-30-DPM-JTR, 2014 WL 271667, *4 (E.D. Ark. Jan. 23, 2014) (stating that, even if the Court assumed that petitioner "had a mental impairment that prevented him from filing a timely habeas Petition" by the one-year deadline, "his equitable tolling argument is completely untenable based on his *demonstrated ability* to later pursue state postconviction relief, which raised essentially the same claims he is now asserting in this habeas action").

a habeas petition "on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The inquiry thus "has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." *Id.* at 484–85.

Here, as this Recommendation has not addressed the merits of Frazier's constitutional claims, the Court will decline to address the first *Slack* component. Turning to the second one, the Court finds that reasonable jurists (including on the Court of Appeals for the Eighth Circuit) would not debate whether (1) Frazier is out of custody on his 1998 convictions, and (2) the Amended Petition is otherwise time-barred. Reasonable jurists, then, would not find it "debatable" whether the "procedural ruling" recommended here—*i.e.*, a dismissal for lack of jurisdiction and a dismissal under the statute of limitations—is "correct," *id.* at 484. Accordingly, the Court recommends against the issuance of a certificate of appealability.

## V. CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. Frazier's Amended Petition, (Doc. 3), be DISMISSED for lack of jurisdiction insofar as it challenges his 1998 convictions.

2. Payne's Motion to Dismiss, (Doc. 6), be GRANTED.

3. This action be DISMISSED with prejudice.

4. A Certificate of Appealability be DENIED.

DATED this 31st day of July, 2026.

Benecia Moore
UNITED STATES MAGISTRATE JUDGE